## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

DR. BRETT WIATER, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

STELLANTIS, N.V. and FCA US LLC,

        Defendants.

Case No.:  4:23-cv-11408-SDK-APP

District Judge Shalina D. Kumar

Magistrate Judge Anthony P. Patti

## DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

Defendant FCA US LLC ("FCA US"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), moves this Court to dismiss Plaintiff's Class Action Complaint (ECF #1) in its entirety.

1.    The undersigned counsel certifies that he personally spoke to opposing counsel on September 18, 2023, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

2.    The grounds for FCA US's motion are set forth in its Brief in Support, filed concurrently with this motion.

WHEREFORE, Defendant FCA US LLC respectfully requests that this Court grant its motion and dismiss Plaintiff's Class Action Complaint in its entirety.

Respectfully submitted,

THOMPSON COBURN LLP
By: */s/ Thomas L. Azar, Jr.*
   Stephen A. D'Aunoy (MO/54961)
   Thomas L. Azar, Jr. (MO/56634)
   One US Bank Plaza
   St. Louis, Missouri 63101
   (314) 552-6000
   sdaunoy@thompsoncoburn.com
   tazar@thompsoncoburn.com

KLEIN THOMAS LEE & FRESARD
Fred Fresard (P43694)
Ian Edwards (P82021)
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 509-9270
Fred.Fresard@kleinthomaslaw.com
Ian.Edwards@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 19, 2023, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Thomas L. Azar, Jr.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| DR. BRETT WIATER, on behalf of himself and all others similarly situated, | ) ) ) | Case No.: 4:23-cv-11408-SDK-APP |
| | ) | District Judge Shalina D. Kumar |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Anthony P. Patti |
| | ) | |
| STELLANTIS, N.V. and FCA US LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**DEFENDANT FCA US LLC'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT**

---

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................1

II.     BACKGROUND ........................................................................2

     A.      Allegations Regarding Plaintiff's Vehicle Purchase And
        Experiences. ....................................................................2

     B.      The Alleged Defect. ..............................................................3

     C.      The Written Warranties For Plaintiff's Truck.......................5

     D.      The Proposed Classes, Claims, And Relief Sought. .............5

III.    ARGUMENT.............................................................................6

     A.      The Legal Standards Governing FCA US's Motion To Dismiss. ........6

     B.      Dismissal Under Rule 12(b)(1). ............................................7

        1.      Lack of Standing (All Counts)....................................7

        2.      No Standing For "Nationwide" Claims (Counts II-VII). ..........9

     C.      Dismissal Under Rule 12(b)(6). ..........................................10

        1.      No Plausible Allegation Of Defect (All Counts). .....................10

        2.      The MCPA Claim Fails (Count I)..............................14

        3.      The Warranty And MMWA Claims Fail (Counts II, IV,
            V)..................................................................17

        4.      The Unjust Enrichment Claim Fails (Count III)........................22

        5.      The Economic Loss Rule Bars Plaintiffs' (Insufficiently
            Pleaded) Negligence And Strict Liability Claims (Counts
            VI, VII)..........................................................23

IV.     CONCLUSION..........................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambrose v. Gen. Motors LLC*, No. 19-13449, 2022 WL 3701946
(E.D. Mich. Aug. 26, 2022) ...........................................................................10, 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................7

*Beck v. FCA US LLC*, 273 F. Supp. 3d 735 (E.D. Mich. 2017) ...................8, 10, 20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .....................................................7

*Burch v. Whirlpool Corp.*, No. 1:17-cv-18, 2017 WL 7370988 (W.D.
Mich. Sept. 28, 2017)...............................................................................21, 22

*Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257 (E.D. Mich.
2021) ..........................................................................................................14, 17

*Coba v. Ford Motor Co.*, 932 F.3d 114,123-24 (3d Cir. 2019).............................22

*Crawford v. FCA US LLC*, No. 2:20-cv-12341, 2021 WL 3603342
(E.D. Mich. Aug. 13, 2021) ................................................................................10

*Cunningham v. Ford Motor Co.*, 641 F. Supp. 3d 400 (E.D. Mich.
2022) ..................................................................................................................22

*Cyr v. Ford Motor Co.*, No. 345751, 2019 WL 7206100 (Mich. App.
Dec. 26, 2019)....................................................................................................14

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006) .............................................6

*Droesser v. Ford Motor Co.*, No. 19-cv-12365, 2023 WL 2746792
(E.D. Mich. Mar. 31, 2023) ...............................................................................14

*Eaton Corp. v. Magnavox Co.*, 581 F. Supp. 1514 (E.D. Mich. 1984) .................24

*Elliot v. Gen. Motors LLC*, 605 F. Supp. 3d 937 (E.D. Mich. 2022) .....................17

*Estate of Pilgrim v. Gen. Motors LLC*, 596 F. Supp. 3d 808 (E.D.
Mich. 2022)........................................................................................................24

*Flores v. FCA US LLC*, No. 20-10972, 2021 WL 1122216 (E.D. Mich. Mar. 24, 2021) .........................................................................10, 17, 21, 22

*Gant v. Ford Motor Co.*, 517 F. Supp. 3d 707 (E.D. Mich. 2021) .........................23

*Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212 (S.D.N.Y. 2015) ....................22

*Glennborough Homeowners Assoc. v. United States Postal Serv.*, 21 F.4th 410 (6th Cir. 2021) .....................................................................................8

*Global Lift Corp. v. Hiwin Corp.*, No. 14-cv-12200, 2016 WL 5476238 (E.D. Mich. Sept. 29, 2016) ...........................................................23, 24

*Gordon v. Home Loan Ctr., LLC*, No. 10-10508, 2011 WL 1261179 (E.D. Mich. Mar. 31, 2011) ..................................................................................16

*Gorman v. Am. Honda Motor Co.*, 839 N.W.2d 223 (Mich. App. 2013) .......................................................................................................................18

*Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507 (6th Cir. 1999) .......................4

*Gregorio v. Ford Motor Co.*, 522 F. Supp. 3d 264 (E.D. Mich. 2021) ...................14

*Hall v. Gen. Motors, LLC*, No. 19-cv-10186, 2020 WL 1285636 (E.D. Mich. Mar. 18, 2020) ..................................................................................16, 23

*Harrison v. Gen. Motors, LLC*, No. 21-12927, 2023 WL 348962 (E.D. Mich. Jan. 19, 2023) .............................................................................10, 20, 21

*Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*, 2013 WL 2285453 (E.D. Mich. 2013) .................................................................................15

*Home Owners Inc. v. ADT LLC*, 109 F. Supp. 3d 1000 (E.D. Mich. 2015) .......................................................................................................................15

*In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921 (E.D. Mich. 2022) ................................................................................................................14

*Johnson v. FCA US, LLC*, No. 22-10494, 2023 WL 2577228 (E.D. Mich. Mar. 20, 2023) .......................................................................................8, 10

*Kardules v. City of Columbus*, 95 F.3d 1335 (6th Cir. 1996) ....................................9

*Kovack v. Daimler Chrysler Corp.*, No. 265761, 2006 WL 1293213
    (Mich. App. May 11, 2006) ...................................................................19

*Lawson v. FCA US, LLC*, No. 7:19-cv-00484, 2021 WL 3727236
    (W.D. Va. Sept. 23, 2021) ...............................................................1, 13

*Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772 (E.D. Mich. 2019) ...........15, 21

*McKee v. Gen. Motors LLC*, 376 F. Supp. 3d 751 (E.D. Mich. 2019)........10, 16, 17

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005)........................................................7

*Pistorio v. FCA US LLC*, No. 20-cv-11838, 2022 WL 141524 (E.D.
    Mich. Jan. 14, 2022) .............................................................................10

*Reid v. Gen. Motors LLC*, 491 F. Supp. 3d 268 (E.D. Mich. 2020)........................17

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 16-CV-12645,
    2016 WL 9775018 (E.D. Mich. Oct. 21, 2016), *reconsideration
    denied*, 2016 WL 9775019 (E.D. Mich. Nov. 28, 2016), *and aff'd*,
    708 Fed. Appx. 242 (6th Cir. 2017)......................................................19

*Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649 (E.D.
    Mich. Dec. 7, 2015) ...............................................................................16

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 (1976).........................................7

*Smith v. Gen. Motors LLC*, 988 F.3d 873 (6th Cir. 2021)................................16, 17

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) .......................................................8

*Taragan v. Nissan N. Am., Inc.*, No. C 09-3660 SBA, 2010 WL
    3491000 (N.D. Cal. Sept. 2, 2010), *aff'd in relevant part*, 475 Fed.
    Appx. 221 (9th Cir. 2012)...........................................................1, 11, 13

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ..............................................9

*United States v. Carroll*, 667 F.3d 742 (6th Cir. 2012) ...........................................9

*Warth v. Seldin*, 422 U.S. 490 (1975)......................................................................6

*Weidman v. Ford Motor Co.*, No. 18-cv-12719, 2020 WL 674348
    (E.D. Mich. Feb. 11, 2020) ...................................................................19

*Withrow v. FCA US LLC*, No. 19-13214, 2021 WL 2529847 (E.D. Mich. June 21, 2021) .........................................................10

*Woo v. Am. Honda Motor Co., Inc.*, 462 F. Supp. 3d. 1009 (N.D.Cal. 2020) ...................................................................................22

*Wozniak v. Ford Motor Co.*, No. 2:17-cv-12794, 2019 WL 108845 (E.D. Mich. Jan. 4, 2019)..........................................................10, 16

*Zanger v. Gulf Stream Coach, Inc.*, No. 05-72300, 2006 WL 1494952 (E.D. Mich. May 25, 2006).................................................18

**Statutes and Constitutional Provisions**

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ....................................6, 9, 17, 18

Mich. Comp. Laws § 440.2314(2)(c) ....................................................18

Mich. Comp. Laws § 440.2607(3)(a) ....................................................17

Mich. Comp. Laws § 445.901(1)(a) ......................................................14

Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 ..............*passim*

**Rules**

Rule 9(b)...........................................................................................15, 16

Rule 12(b).....................................................................................4, 6, 7, 10

**Other Authorities**

49 C.F.R. § 571.114 ...........................................................................3, 4

## STATEMENT OF ISSUES PRESENTED

1.   Should this Court dismiss all of Plaintiff's claims for lack of standing when they are premised on the notion that his truck lacks some anti-theft feature that was never bargained for or promised, and Plaintiff fails to plead facts to show the theft of his truck is fairly traceable to the absence of such a feature?

     The Court should answer "yes."  (*See* § III.B.1, *infra*).

2.   Should this Court dismiss Plaintiff's claims for a "nationwide" class when he does not plead viable claims under the laws of all 50 states, or assert any injury or claim in a state other than Michigan?

     The Court should answer "yes."  (*See* § III.B.2, *infra*).

3.   Should this Court dismiss all of Plaintiff's claims when they are premised on the notion his truck has some "defect," but Plaintiff fails to identify any defect and simply argues a purported violation of Federal Motor Vehicle Safety Standard ("FMVSS") 114 based on an interpretation of that standard that has been rejected by every court to consider it?

     The Court should answer "yes."  (*See* § III.C.1, *infra*).

4.   Should this Court dismiss Plaintiff's claim under the Michigan Consumer Protection Act ("MCPA") (Count I) when it is based on a purported design defect in his truck, but:  (a) courts agree the MCPA exempts vehicle defect claims from its scope; (b) Plaintiff's allegations fail to satisfy Rule 9(b); and (c) Plaintiff fails to plead facts sufficient to plausibly show FCA US knew of any "defect" prior to his vehicle purchase?

     The Court should answer "yes."  (*See* § III.C.2, *infra*).

5.   Should this Court dismiss Plaintiff's claims for violation of the Magnuson-Moss Warranty Act ("MMWA") (Count II), breach of implied warranty (Count IV), and breach of express warranty (Count V), when: (a) the MMWA claim requires, and fails without, any viable state-law warranty claim; (b) all of Plaintiff's state-law warranty claims fail for lack of pre-suit notice; (c) Plaintiff fails to plead facts sufficient to show his truck was unmerchantable or that any "defect" rendered it so; and (d) Plaintiff has failed to plead facts sufficient to show any manufacturing defect covered by his truck's express

warranties, any breach of those warranties, or any failure to provide a free repair upon presentment at a dealership?

The Court should answer "yes."  (*See* § III.C.3, *infra*).

6.  Should this Court dismiss Plaintiff's claim for unjust enrichment (Count III) when there is no dispute that an express warranty exists to define the parties' rights and expectations regarding the truck?

The Court should answer "yes."  (*See* § III.C.4, *infra*).

7.  Should this Court dismiss Plaintiff's negligence (Count VI) and strict liability (Count VII) claims when they are based on the insufficiently pleaded "defect" and, in any event, they are barred under the economic loss doctrine, since no personal injury is alleged?

The Court should answer "yes."  (*See* § III.C.5, *infra*).

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*Lawson v. FCA US, LLC*, No. 7:19-cv-00484, 2021 WL 3727236 (W.D. Va. Sept. 23, 2021)

*Taragan v. Nissan N. Am., Inc.*, No. C 09-3660 SBA, 2010 WL 3491000 (N.D. Cal. Sept. 2, 2010), *aff'd in relevant part*, 475 Fed. Appx. 221 (9th Cir. 2012)

*Cyr v. Ford Motor Co.*, No. 345751, 2019 WL 7206100 (Mich. App. Dec. 26, 2019)

*Smith v. Gen. Motors LLC*, 988 F.3d 873 (6th Cir. 2021)

*Reid v. Gen. Motors LLC*, 491 F. Supp. 3d 268 (E.D. Mich. 2020)

## <u>INDEX OF EXHIBITS</u>

| <u>Exhibit</u> | <u>Description</u> |
|---|---|
| * | Declaration of David Case |
| A | Excerpts from 2022 Ram 1500 Owner's Manual |
| B | Warranty Booklet for 2022 Ram 1500 Vehicles |

## I.   <u>INTRODUCTION</u>

In this putative class action, Plaintiff asserts claims based on the theft of his model-year 2022 Ram truck and allegations of a "defect" in that vehicle and model-year 2019-2023 Dodge vehicles manufactured by FCA US LLC.[1]  The purported "defect" is just described as vehicles being "easy to steal" in some undescribed ways, although Plaintiff alleges that "[o]ne of the reasons" for this is that his vehicle does not comply with Federal Motor Vehicle Safety Standard ("FMVSS") 114, which provides that a vehicle's starting system must prevent the activation of the engine, and either steering or forward self-mobility, when "the key is removed."[2]

At the most basic level, all of Plaintiff's claims fail because he has completely misread what FMVSS 114 requires.  Indeed, courts have repeatedly explained that, for vehicles (like Plaintiff's) which use a keyless ignition system with a fob (rather than a physical key inserted into the starting system), the "key" for purposes of FMVSS 114 is the electronic code transmitted by the fob, and thus "FMVSS 114 does ***not*** require vehicles with keyless ignition systems to automatically shut off when the key [fob] is removed from the vehicle."[3]

---

[1]*See* Class Action Complaint and Demand for Jury Trial ("Comp."), ECF #1, ¶¶ 1, 12, 24-25 (PageID.1, 3, 5).

[2]*See id.* at ¶¶ 24, 26-28 (PageID.5).

[3]*Lawson v. FCA US, LLC*, No. 7:19-cv-00484, 2021 WL 3727236, *3 (W.D. Va. Sept. 23, 2021) (emphasis added); *see also Taragan v. Nissan N. Am., Inc.*, No.

Beyond this, Plaintiff simply premises his claims on a vague allegation that his vehicle was "manufactured and designed without functional anti-theft systems."[4] But, the law is clear that allegations a product lacks some feature not promised or bargained for fails to plead the injury and causation required for standing, much less any viable claim. And, in any event, Plaintiff's claims fail for a host of additional reasons. This case should be dismissed.

## II.    BACKGROUND

### A.    Allegations Regarding Plaintiff's Vehicle Purchase And Experiences.

Plaintiff pleads few details about his own vehicle or experiences. He simply alleges that he purchased a model-year 2022 Ram 1500 TRX truck at a dealership in Michigan at some point, and then it "was stolen in April, 2023." *See* Comp., ¶ 12 (PageID.3). While the complaint makes generic references to some "advertising" or "labeling," Plaintiff does not describe anything he saw, heard, or read prior to his purchase – much less any representations about "anti-theft systems" in his truck. *See id.* ¶ 26 (PageID.5); *see also*, *generally*, Comp.

Plaintiff also pleads no facts about the theft of his vehicle or the circumstances surrounding it. For example, he does not explain whether he left his truck locked or

---

C 09-3660 SBA, 2010 WL 3491000, *5 (N.D. Cal. Sept. 2, 2010), *aff'd in relevant part*, 475 Fed. Appx. 221 (9th Cir. 2012).

[4]*See* Comp., ¶ 29 (PageID.6).

unlocked; whether the engine was left running or turned off; where the key fob was at the time of the theft; or whether the truck has been recovered or is still missing. *See*, *generally*, Comp.  However, given his allegations regarding FMVSS 114 and complaints about vehicles being driven after the key fob is removed, it appears the theft involved a situation where Plaintiff left his vehicle running and unattended. *See, e.g.*, *id.* at ¶¶ 27-28 (PageID.5).

While Plaintiff purports to seek some "damages caused by the theft of his vehicle," he pleads no facts whatever about such damages other than to allege he has incurred "economic injuries."  *See id.* at ¶¶ 43, 100, 117 (PageID.9, 17, 20).

**B.**   <u>**The Alleged Defect.**</u>

Plaintiff alleges his truck is "defective" because it is "easy to steal" as a result of being "manufactured and designed without functional anti-theft systems." Comp., ¶¶ 24, 26 (PageID.5).  But, the complaint nowhere describes what "anti-theft systems" are lacking aside from offering a vague reference to FMVSS 114, S5.1.1. This regulation provides, in relevant part, as follows:

> Each vehicle must have a starting system which, whenever the ***key*** is removed from the starting system prevents:
> (a) The normal activation of the vehicle's engine or motor; and
> (b) Either steering, or forward self-mobility, of the vehicle, or both.

49 C.F.R. § 571.114, S5.1.1 (emphasis added).  And, "key" is specifically defined in FMVSS 114 as follows:

> Key means a physical device **or an electronic code** which, when inserted into the starting system (by physical or electronic means), enables the vehicle operator to activate the engine or motor.

49 C.F.R. § 571.114, S.4 (emphasis added).

While Plaintiff pleads no facts about any "key" for his truck, its Owner's Manual confirms it operates via a "Keyless Enter 'n Go Ignition," with a "key fob" that sends an electronic code allowing the start/stop ignition button in the truck to turn on its engine.  *See* Declaration of David Case ("Case Decl."), Exhibit A, Excerpts from Owner's Manual, pp. 17-20.[5]  The Owner's Manual repeatedly warns owners that, "[w]hen exiting the vehicle, always make sure the ignition is in the OFF position, remove the key fob from the vehicle, and lock the vehicle."  *See, e.g.*, *id.* at p. 125.[6]  It also explains that, if an owner tries to leave with the key fob while the

---

[5]Because the truck's Owner's Manual and written warranties are referred to in the complaint and form the basis of the claims pleaded therein (*see, e.g.*, Comp. ¶¶ 40, 69 (PageID.9, 12), this Court may properly consider them even when ruling on the Rule 12(b)(6) portions of this motion.  *See, e.g.*, *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

[6]*See also id.* at p. 19 ("Always remember to place the Keyless Enter 'n Go Ignition™ in the OFF position."); *id.* at p. 21 ("do not leave the Keyless Enter 'n Go™ Ignition in the ON/RUN position … An unlocked vehicle is an invitation for thieves."); *id.* at p. 25 ("When exiting the vehicle, always make sure the keyless ignition is in the OFF position, remove the key fob from the vehicle and lock your vehicle."); *id.* at p. 115 ("When leaving the vehicle, always make sure the keyless ignition node is in the OFF position, remove the key fob from the vehicle and lock the vehicle."); *id.* ("Before existing a vehicle … [a]lways make sure the ENGINE START/STOP button is in the OFF position, key fob is removed from the vehicle and the vehicle is locked."); *id.* at p. 119 ("When leaving the vehicle, always make

vehicle's ignition system is in the ON/RUN or START position, interior warning lights will display and warning sounds will chime, the vehicle's horn "will rapidly chirp three times," and the exterior lights will flash.  *See id.* at p. 17.

## C.    The Written Warranties For Plaintiff's Truck.

When sold new, Plaintiff's truck included a 3-year/36,000 mile Basic Limited Warranty promising a "repair" of "any item on your vehicle when it left the manufacturing plant that is defective *in material, workmanship or factory preparation*."  *See* Case Decl., Exhibit B, 2022 Ram Warranty Information, p. 6 (emphasis added); *see also id.* at p. 4 ("The warranties contained in this booklet are the only express warranties that FCA US LLC [] makes for your vehicle."); *id.* at p. 18 ("Warranty service must be done by an authorized … dealer.").

## D.    The Proposed Classes, Claims, And Relief Sought.

Plaintiff purports to bring claims on behalf of a "National Class" comprised of "all consumers who purchased any of the Defective Vehicles in the United States within the past five years," as well as a "Michigan Sub-Class" of "all persons who purchased any of the Defective Vehicles in the state of Michigan for personal, family, business, or household purposes within the applicable statute of limitations

---

sure the wireless ignition node is in the OFF position, remove the key fob from the vehicle and lock the vehicle."); *id.* at p. 123 ("do not leave a vehicle equipped with Keyless Enter 'n Go™ in the ACC or ON/RUN position").

period." *See* Comp., ¶ 34 (PageID.6-7).  Plaintiff defines "Defective Vehicles" as "all Dodge models from 2019-2023."  *Id.* at ¶ 25 (PageID.5).

Plaintiff asserts seven claims:  violation of the Michigan Consumer Protection Act,  Mich. Comp. Laws § 445.901 *et seq.* ("MCPA") (Count I); violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA") (Count II); unjust enrichment (Count III); breach of implied warranty (Count IV); breach of express warranty (Count V); negligence (Count VI); and strict liability (Count VII).

Plaintiffs seek, *inter alia*, "damages," "injunctive relief enjoining the Defendants from selling the Defective Vehicles and ordering them to fix or replace the Defective Vehicles," and, of course, attorneys' fees. *See id.* at "Prayer for Relief" (PageID.23).

## III.   ARGUMENT

### A.   The Legal Standards Governing FCA US's Motion To Dismiss.

FCA US moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Each carries its own legal standard.

*First*, a lack of jurisdiction requires dismissal under Rule 12(b)(1).  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Thus, Article III standing is a threshold question in every case, and "[a] plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006).  "That a suit may be a class action … adds nothing to the question of standing, for even named

plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 fn.20 (1976) (quoting *Warth*, 422 U.S. at 502).

*Second*, in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Applying these settled legal standards, dismissal is required here.

## B.   Dismissal Under Rule 12(b)(1).

### 1.   *Lack of Standing (All Counts).*

"[T]he 'irreducible constitutional minimum' of standing consists of three elements," which every plaintiff must demonstrate:  (1) an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) fairly traceable to the challenged conduct of the defendant; (3) that

is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (internal quotations omitted).

Courts in this District agree mere allegations of a "defect" based on the lack of a vehicle feature that was never promised or bargained for cannot support the injury in fact required for standing.  *See, e.g.*, *Johnson v. FCA US, LLC*, No. 22-10494, 2023 WL 2577228, *4 (E.D. Mich. Mar. 20, 2023) ("Plaintiffs suggest that the [airbags] were 'defective' because, in Plaintiffs' opinion, they might have provided more safety with different programming. But Plaintiffs cannot have suffered an injury-in-fact merely because they purchased a vehicle that could be safer"); *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 747 (E.D. Mich. 2017) ("To the extent Beck is claiming that he suffered economic harm because his vehicle was defective for not including an auto-park safety feature—a feature that was neither expected nor part of the bargain—the Court agrees with FCA that Beck has failed to sufficiently allege an injury in fact for such a purported theory").

That Plaintiff pleads, in the most generic and fact-free manner possible, that his own vehicle was stolen is not enough to remedy his lack of standing.  *See* Comp., ¶ 12 (PageID.3).  To start, such conclusory allegations cannot support standing.  *See, e.g.*, *Glennborough Homeowners Assoc. v. United States Postal Serv.*, 21 F.4th 410, 414 (6th Cir. 2021).  And, just as importantly, the causation element of standing requires a plaintiff to plead facts showing his purported injury is "fairly traceable to

the challenged action of the defendant and not the result of some independent action of some third party not before the court." *United States v. Carroll*, 667 F.3d 742, 745 (6th Cir. 2012) (internal quotation omitted); *see also Kardules v. City of Columbus*, 95 F.3d 1335, 1355 (6th Cir. 1996) (no standing where alleged injury appeared to be "influenced by a variety of factors, among which the [defendant's action] is but one"). Plaintiff does not even try to make that showing here.

Since all Plaintiff offers is a bare allegation his vehicle was stolen by some third-party criminal, no details at all about the theft, and just a conclusory assertion that the lack of some feature not bargained for is to blame, all of his claims should be dismissed for lack of standing.

### 2.    *No Standing For "Nationwide" Claims (Counts II-VII).*

Plaintiff asserts claims for violation of the MMWA, unjust enrichment, breach of implied warranty, breach of express warranty, negligence, and strict liability on behalf of a proposed "Nationwide Class." *See* Comp., ¶ 34 (PageID.6-7). But, as the Supreme Court has made clear, "standing is not dispensed in gross; rather, plaintiffs **must** demonstrate standing for **each claim** that they press," even in a putative class action. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (emphasis added). Plaintiff does not allege injuries in any state other than Michigan, where he resides, and he certainly does not plead viable claims under the laws of all 50 states, or any state other than Michigan. *See*, *generally*, Comp. Accordingly, as

courts in this District have repeatedly held, Plaintiff "lack[s] standing to bring claims on behalf of a nationwide class," and all claims on behalf of the "nationwide" class must be dismissed. *Pistorio v. FCA US LLC*, No. 20-cv-11838, 2022 WL 141524, *6 (E.D. Mich. Jan. 14, 2022).[7]

## C.    <u>Dismissal Under Rule 12(b)(6).</u>

### 1.    *No Plausible Allegation Of Defect (All Counts).*

All of Plaintiff's claims are predicated on the notion that his truck has some "defect." *See*, *generally*, Comp.  But, aside from a vague allegation about his truck lacking some unspecified anti-theft system that was never promised – the sort of allegation courts agree cannot even support standing, much less any valid claim[8] – he bases his claims on a purported violation of FMVSS 114, S5.1.1.  *See* Comp., ¶¶ 27-28 (PageID.5).  Specifically, Plaintiff contends this regulation requires a vehicle prevent steering or driving "when the key is removed from the starting system."  *See id.* at ¶ 28 (PageID.5).

---

[7]*See also, e.g.*, *Harrison v. Gen. Motors, LLC*, No. 21-12927, 2023 WL 348962, *3 (E.D. Mich. Jan. 19, 2023); *Ambrose v. Gen. Motors LLC*, No. 19-13449, 2022 WL 3701946, *8 (E.D. Mich. Aug. 26, 2022); *Withrow v. FCA US LLC*, No. 19-13214, 2021 WL 2529847, **5-11 (E.D. Mich. June 21, 2021); *Flores v. FCA US LLC*, No. 20-10972, 2021 WL 1122216, **25-26 (E.D. Mich. Mar. 24, 2021); *Crawford v. FCA US LLC*, No. 2:20-cv-12341, 2021 WL 3603342, *3 (E.D. Mich. Aug. 13, 2021); *Wozniak v. Ford Motor Co.*, No. 2:17-cv-12794, 2019 WL 108845, *1 (E.D. Mich. Jan. 4, 2019); *McKee v. Gen. Motors LLC*, 376 F. Supp. 3d 751, 755-56 (E.D. Mich. 2019).

[8]*See, e.g.*, *Johnson*, 2023 WL 2577228, at *4; *Beck*, 273 F. Supp. 3d at 747.

Two federal district courts and the Ninth Circuit have analyzed this regulation, however, and all have concluded that, where (as here) a vehicle's ignition is started via a key fob that sends an electronic code, FMVSS 114 does ***not*** require a vehicle be rendered incapable of steering or driving when the key fob is removed.[9]  That is because the key fob is not the "key" under FMVSS 114.

First, in *Taragan*, the plaintiffs asserted various claims against Nissan arguing its vehicles "failed to comply with FMVSS 114 because the key fob can be removed from the vehicle … when the transmission is not in 'park.'"  *See* 2010 WL 3491000, at *3.  The plaintiffs premised their claims on a provision in FMVSS 114 providing that "the starting system … must prevent key removal … unless the transmission or gear selection control is locked in 'park.'"  *Id.* at *4 (internal quotation omitted).  But, after noting that Nissan's vehicles (like Plaintiff's truck here, and almost all other modern vehicles) actually used a "key fob/transponder," rather than a physical key inserted into the vehicle starter, the court explained that no claim was possible under the "plain language of the regulation":

> The regulation specifically defines "key" as "a physical device ***or*** an electronic code which, when inserted into the starting system (by physical or electronic means), enables the vehicle operator to activate the engine or motor."  Here, Plaintiffs contend that ***the fob***, *i.e.*, the electronic code and the physical device housing the transponder which

---

[9]There are obvious reasons for this – *e.g.*, if a key fob became inoperable while the vehicle is being driven, presence of the feature Plaintiff argues for could lead to the vehicle being unexpectedly stranded if driving/steering was disabled.

transmits the electronic code, constitutes the "key."  They allege that the ability to remove *the key fob* from a vehicle … even if the transmission is not in "park," necessarily violates FMVSS 114.

Plaintiffs' interpretation of "key" cannot be reconciled with the plain language of the regulation.  In their view, the key is comprised of *both* the electronic code *and* the physical device (i.e., the key fob/transponder) that is used to transmit the code.  Yet, FMVSS 114 expressly defines "key" as *either* "a physical device *or* an electronic code" that activates the engine "when inserted into the starting system (by physical *or* electronic means)…"  Subsection 5.2 is written in the disjunctive, not the conjunctive.  Moreover, while Plaintiffs may be correct that both the key fob and the electronic code must be present to start the vehicle, only the electronic code is "inserted into the starting system."  Indeed, as Plaintiffs themselves acknowledge, the key fob only needs to be *"in the vehicle,"* as opposed to being inserted into the starting system.

Moreover, Plaintiffs' construction of FMVSS 114 would inappropriately render the NHTSA's revised definition of "key" superfluous.  As noted, in 2007, the NHTSA redefined "key" to include "an electronic code" inserted into the vehicle's starting system through "electronic means."   All of the smart key systems identified by Plaintiffs utilize a "physical device" in the form of a key fob, which is used to transmit the electronic code to start the engine.  If Plaintiffs were correct in stating that a "key" includes the key fob *and* the code, the distinction between a "physical device" and "electronic code" would be meaningless because a key, whether physical or electronic, would *always* include the "physical device" that transmits the code.  Such a construction of FMVSS 114 is impermissible…

At bottom, the Court concludes that for purposes of FMVSS 114, the term "key" in the context of the instant action refers to *the electronic code* that is transmitted by the transponder that is inserted into the vehicle's starting system.  Although the code is sent from the key fob, that physical device is not part of the "key," as defined in the subject regulation.  As such, whether or not the *key fob* can be removed from the vehicle while the transmission is not in the "park" position is inapposite for purposes of FMVSS 114.  This conclusion is fatal to Plaintiffs' Class Claims.

- 12 -

*Id.* at **4-5 (emphases in original, internal citations omitted).  And, on appeal, the Ninth Circuit agreed with this analysis.  *See Taragan*, 475 Fed. Appx. at 221 ("Based on the plain language of FMVSS 114, the district court correctly determined that [plaintiffs] had failed to state a cognizable claim for relief and properly dismissed these claims with prejudice.").

More recently, in *Lawson*, the plaintiffs asserted strict liability and other claims based on an incident where a vehicle was left running in a basement garage after the owner exited with the key fob in his pocket.  *See* 2021 WL 3727236, at *1. And, in granting summary judgment to the defendant, the court held that FMVSS 114 was not violated in this circumstance, because it does not require vehicles with a keyless ignition system to automatically shut off when the key fob is removed from the vehicle.  *Id.* at *3; *see also id.* at *1 fn.1 (explaining that a "key fob" is not the "key," but rather "a physical device which is capable of electronically transmitting a key code to the vehicle starting system without a physical connection").

Here, Plaintiff does not (and cannot) plead that his model-year 2022 Ram truck was being operated by the insertion of any physical key into the ignition; and he offers nothing that could plausibly suggest his vehicle was ever driven without the electronic key code already being entered into the truck's ignition system.  *See*, *generally*, Comp.  Thus, just as in *Taragan*, and confirmed by *Lawson*, he has clearly failed to plead facts showing his vehicle's design violates FMVSS 114.  And, since

- 13 -

he pleads nothing else to support the notion that his vehicle had some "defect," all of his claims should be dismissed.

### 2.    The MCPA Claim Fails (Count I).

In Count I, Plaintiff asserts a claim under the MCPA based on allegations that his truck has "design defects" that render it "incredibly susceptible to theft," that his vehicle lacks "functional anti-theft systems," and that FCA US "failed to disclose the defects" to him and other purchasers.  *See* Comp., ¶¶ 53-55 (PageID.11).  This claim fails in every way possible.

*First*, the MCPA explicitly exempts from its reach any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States."  Mich. Comp. Laws § 445.901(1)(a).  Michigan courts hold that this exemption bars any MCPA claim relating to "the manufacture, sale, and lease of automobiles."  *See Cyr v. Ford Motor Co.*, No. 345751, 2019 WL 7206100, *2 (Mich. App. Dec. 26, 2019).  Courts in this District agree, and have consistently dismissed MCPA claims based on alleged defects, or the failure to disclose such defects, in an automobile.  *See, e.g.*, *Droesser v. Ford Motor Co.*, No. 19-cv-12365, 2023 WL 2746792, *22 (E.D. Mich. Mar. 31, 2023); *In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921, 970 (E.D. Mich. 2022); *Gregorio v. Ford Motor Co.*, 522 F. Supp. 3d 264, 275-76 (E.D. Mich. 2021); *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1301-02 (E.D.

Mich. 2021); *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 799-800 (E.D. Mich. 2019).  For this reason alone, Count I must be dismissed.

*Second*, Plaintiff's MCPA claim fails because his sparse allegations come nowhere close to satisfying Rule 9(b), which requires every complaint "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To avoid dismissal, Plaintiff needed to plead ***facts*** describing in detail the alleged fraud and identifying the who, what, where, when, and how for each fraudulent statement.  *See, e.g.*, *Home Owners Inc. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008-09 (E.D. Mich. 2015).  For claims based on omissions, Rule 9(b) requires allegations that "detail the omissions made, state the person responsible for the failure to speak, provide the context in which the omissions were made, and explain how the omissions deceived [them]."  *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*, 2013 WL 2285453, *28 (E.D. Mich. 2013).

Plaintiff's rote allegations come nowhere close to meeting the particularity requirement – indeed, the sum total of those allegations consist of a conclusory allegation that "Defendants concealed or otherwise failed to disclose, reveal, or provide notice to customers, including Plaintiff, in Defendants' advertising, labeling, or otherwise that these vehicles are defective," coupled with a bare averment that Plaintiff bought a model-year 2022 truck.  *See* Comp., ¶¶ 12, 26 (PageID.3, 5).  He pleads no further information about any purported misrepresentation or omission,

and no facts to support reliance or causation.  This failure to comply with Rule 9(b) also mandates dismissal.  *See, e.g.*, *Wozniak*, 2019 WL 108845, at *3; *Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649, *3 (E.D. Mich. Dec. 7, 2015); *Gordon v. Home Loan Ctr., LLC*, No. 10-10508, 2011 WL 1261179, *10 (E.D. Mich. Mar. 31, 2011).

*Third*, Plaintiff's claim under the MCPA must also be dismissed because he fails to plead facts plausibly showing FCA US knew any defect existed in his vehicle at the time it was originally sold.  Such pre-sale knowledge allegations are required to state any claim based on purported misrepresentations, omissions, or concealment of a defect.  *See, e.g.*, *Smith v. Gen. Motors LLC*, 988 F.3d 873, 885-86 (6th Cir. 2021); *Hall v. Gen. Motors, LLC*, No. 19-cv-10186, 2020 WL 1285636, *3 (E.D. Mich. Mar. 18, 2020); *McKee*, 376 F. Supp. 3d at 761.  All Plaintiff offers in this regard are conclusory allegations that FCA US "knew or should have known" of the alleged defect without any supporting facts at all.  *See, e.g.*, Comp., ¶¶ 30, 54, 76 (PageID.6, 11, 14).  But, the Sixth Circuit and courts throughout this District have rejected far more robust allegations as legally insufficient to avoid dismissal:

> To support such a claim, a complaint must contain **specific facts** showing the manufacturer's knowledge of the defect that it allegedly fraudulently concealed.  Mere assertions that a manufacturer's routine testing, along with customer feedback and increased warranty claims, should have alerted it to a dangerous defect are ***not*** enough to meet the 12(b)(6) pleading standard.  In similar automobile class actions that have proceeded past the motion to dismiss stage, other plaintiffs have asserted concrete factual allegations—not just speculation about what

> testing might have shown.  Because Plaintiffs present scant evidence
> [of the alleged defect], the district court rightly granted GM's motion
> to dismiss.

*Smith*, 988 F.3d at 885-86 (emphasis added); *see also, e.g.*, *Ambrose*, 2022 WL

3701946, at **17-18; *Elliot v. Gen. Motors LLC*, 605 F. Supp. 3d 937, 944-47 (E.D.

Mich. 2022); *Flores*, 2021 WL 1122216, at **19-21.

For all these reasons, the MCPA claim in Count I should be dismissed.

### 3.    The Warranty And MMWA Claims Fail (Counts II, IV, V).

Plaintiff asserts a claim for violation of the MMWA (Count II), as well as

claims for breach of implied (Count IV) and express (Count V) warranty.  *See*

Comp., ¶¶ 57-90, 95-108 (PageID.11-18).  However, any MMWA claim requires a

legally viable state-law warranty claim, and stands or falls with such state-law

claims.  *See, e.g.*, *McKee*, 376 F. Supp. 3d at 760.  Plaintiff has no viable state-law

warranty claim here.

Lack of Pre-Suit Notice:  To state any claim for breach of warranty under

Michigan law, a plaintiff must provide and plead pre-suit notice.  *See* Mich. Comp.

Laws § 440.2607(3)(a); *see also, e.g.*, *Chapman v. Gen. Motors LLC*, 531 F. Supp.

3d 1257, 1281 (E.D. Mich. 2021) (explaining that "the notice requirement is not just

a formality," that notice about some other consumer's claims was insufficient, and

dismissing warranty claims brought by plaintiff who failed to plead such notice);

*Reid v. Gen. Motors LLC*, 491 F. Supp. 3d 268, 275-76 (E.D. Mich. 2020)

(dismissing all warranty claims because "[p]laintiff does not allege that—prior to initiating litigation—she told GM or Feldman Chevrolet that these alleged defects constituted breach of the warranties"); *Gorman v. Am. Honda Motor Co.*, 839 N.W.2d 223, 229-32 (Mich. App. 2013) ("Here, plaintiff provided defendants no notice at all that she believed defendants were in breach.  Accordingly, plaintiff is 'barred from any remedy.'" (quoting Mich. Comp. Laws § 440.2607(3)(a))).  In this case, Plaintiff not only fails to allege notice, he outright admits he did not provide it. *See*, *generally*, Comp.; *see also id.* at ¶ 107 (PageID.18) (alleging "upon information and belief" that "notice of these issues" was provided by others).  Accordingly, all of his state-law warranty claims, as well as his MMWA claim, must be dismissed for lack of pre-suit notice.

No Breach of Implied Warranty:  Even if Plaintiff had provided and pleaded pre-suit notice (and he did not), his implied warranty claim in Count IV would still fail because he does not plead facts to show his vehicle was "unmerchantable," or that the alleged breach was the cause of his purported damages.

"Merchantability is not a synonym for perfect." *Zanger v. Gulf Stream Coach, Inc.*, No. 05-72300, 2006 WL 1494952, **3-4 (E.D. Mich. May 25, 2006).  Rather, the implied warranty of merchantability simply provides that goods will be "fit for the ordinary purposes for which [they] are used" – for a vehicle, driving. *See* Mich. Comp. Laws § 440.2314(2)(c).  Thus, no implied warranty claim can be stated

without pleaded *facts* showing a vehicle had a defect that rendered it "inoperable or unusable" for transportation.  *See, e.g.*, *Weidman v. Ford Motor Co.*, No. 18-cv-12719, 2020 WL 674348, **4-5 (E.D. Mich. Feb. 11, 2020) (dismissing implied warranty claims under Michigan and other states' laws).  Allegations that merely show the plaintiff wished his vehicle had different features, or operated differently, are *not* sufficient to state an implied warranty claim.  *See, e.g.*, *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 16-CV-12645, 2016 WL 9775018, **2-3 (E.D. Mich. Oct. 21, 2016), *reconsideration denied*, 2016 WL 9775019, **1-2 (E.D. Mich. Nov. 28, 2016), *and aff'd*, 708 Fed. Appx. 242 (6th Cir. 2017) (where plaintiff asserted implied warranty claim based on allegations his electric vehicle had a limited range, and was designed not to operate in electric mode at certain temperatures, no implied warranty claim could be stated).  Accordingly, Plaintiff's allegations that he wished his vehicle contained some "anti-theft system" that was never promised, or that it could not have been driven away by a thief if left running, unlocked, and unattended, cannot state any viable implied warranty claim.

Additionally, Plaintiff's claim also fails because he pleads no facts to support causation.  Under Michigan law, Plaintiff must plead facts showing it was the alleged defect, and not something else, that caused the nonmerchantable condition.  *See, e.g.*, *Kovack v. Daimler Chrysler Corp.*, No. 265761, 2006 WL 1293213, **1-2 (Mich. App. May 11, 2006).  Yet, here, Plaintiff pleads no factual details about the theft,

and no facts to show anything about his truck caused it.  *See*, *generally*, Comp.; *see also id.* at ¶ 12 (PageID.3) (simply alleging, in conclusory fashion, that his vehicle "was stolen" "[b]ecause of the defects").  For this reason too, Count IV fails.

No Breach of Express Warranty:  Even if Plaintiff had provided and pleaded pre-suit notice, his express warranty claim would still fail.

Plaintiff premises this claim on allegations FCA US breached some warranty by "selling or leasing … [v]ehicles that are defective."  *See* Comp., ¶ 105 (PageID.18).  But, courts agree that the type of "repair" warranty FCA US provided here (*see* § II.C, *supra*) does ***not*** promise a defect-free vehicle – only that a repair of certain defects will be provided upon request and presentment of the vehicle at a dealership.  *See, e.g.*, *Harrison*, 2023 WL 348962, at *9 (analyzing similar "repair" warranty and holding that "nothing in the warranty guarantees a defect-free vehicle upon purchase").  The warranties for Plaintiff's truck also make clear that they "are the only express warranties that FCA US … makes for your vehicle."  *See* Case Decl., Exhibit B, p. 4.  And, in any event, Plaintiff identifies no warranty or promise by FCA US that his vehicle would have no defects.  *See*, *generally*, Comp.

Plaintiff also pleads no facts to show he ever presented his vehicle at a dealership and requested a repair – and this, by itself, confirms he has failed to plead any breach.  *See, e.g.*, *Beck*, 273 F. Supp. 3d at 757-58 ("[T]o the extent Beck contends that the warranty itself does not require that he take his vehicle to an

authorized dealership to receive warranty service, he is incorrect."); *see also Harrison*, 2023 WL 348962, at *9 ("these plaintiffs' express-warranty claims are untenable to the extent they seek to hold GM accountable for breaching a warranty that guarantees repairs within a certain period when they never asked for such repairs").

Furthermore, and even more fundamentally, the express warranty claim fails because FCA US's warranties cover only defects in "material, workmanship, or factory preparation." *See* Case Decl., Exhibit B, p. 6. Courts agree such warranty language does ***not*** cover design defects. *See, e.g.*, *Flores*, 2021 WL 1122216, at **7-9; *Burch v. Whirlpool Corp.*, No. 1:17-cv-18, 2017 WL 7370988, **3-5 (W.D. Mich. Sept. 28, 2017); *see also Matanky*, 370 F. Supp. 3d at 788 (collecting cases for proposition that an express warranty claim fails "if it alleges a design defect, but is brought under an express written warranty covering 'materials and workmanship'" (internal quotation omitted)). But, Plaintiff's own allegations make it crystal clear he is basing his claim on a purported design defect.[10] Indeed, that Plaintiff avers the

---

[10]*See, e.g.*, Comp., ¶¶ 34(b), (d) (PageID.6) (claims are based on a "***design*** defect"); *id.* at ¶¶ 43, 118, 133 (PageID.9, 20, 22) (claiming damages "due to the ***design*** defect"); *id.* at ¶¶ 53, 66 (PageID.11-12) ("the Defective vehicles share common ***design*** defects"); *id.* at ¶¶ 54, 76, 114 (PageID.11, 14, 19) (claims based on "***design*** failures"); *id.* at ¶ 84 (PageID.15) (alleging FCA US "failed to rectify the situation and/or disclose the defective ***design***"); *id.* at ¶ 104 (PageID.17-18) (alleging vehicles were not "properly ***designed***[] in conformance with applicable federal

alleged defect exists in every one of the hundreds of thousands of class vehicles sold over multiple years further confirms only a design defect is at issue.[11]  And, since Plaintiff pleads no actual facts to support the notion that his vehicle was "somehow flawed in the manufacturing process or otherwise departed from the intended design," his conclusory references to "manufacturing" cannot stave off dismissal. *See, e.g.*, *Flores*, 2021 WL 1122216, at *9; *Burch*, 2017 WL 7370988, at *5.

For these additional reasons, the express warranty claim in Count V fails.

### 4.     The Unjust Enrichment Claim Fails (Count III).

In Count III, Plaintiff asserts a claim for unjust enrichment.  *See* Comp., ¶¶ 91-94 (PageID.16).   Yet, courts in this District agree that no claim for unjust enrichment is legally viable where an express warranty exists to define the parties' rights and expectations about a product.  *See, e.g.*, *Cunningham v. Ford Motor Co.*, 641 F. Supp. 3d 400, 413 (E.D. Mich. 2022) ("a vehicle purchaser cannot maintain

---

standards"); *id.* at ¶ 126 (PageID.21) ("The Defective Vehicles contain a ***design*** defect") (all emphases added).

[11]*Compare* Comp., ¶¶ 24-25 (PageID.5) *with, e.g.*, *Coba v. Ford Motor Co.*, 932 F.3d 114,123-24 (3d Cir. 2019) (allegations of a defect in "every product of a line" plead only "a design defect"); *Woo v. Am. Honda Motor Co., Inc.*, 462 F. Supp. 3d. 1009, 1016-17 (N.D.Cal. 2020) (allegations of a uniform defect in "all" vehicles of a particular make and model-year "evidenc[es] a design rather than manufacturing defect"); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 224, 226-27 (S.D.N.Y. 2015) (claim was necessarily about design despite "offhand references" to manufacturing because a "***common*** defect" was alleged in "every single vehicle" (emphasis in original)).

- 22 -

an unjust enrichment claim where there is an express warranty that governs the same subject matter as his unjust enrichment claims"); *Gant v. Ford Motor Co.*, 517 F. Supp. 3d 707, 723 (E.D. Mich. 2021) ("Many recent cases in this District confirm that unjust enrichment claims should be dismissed against auto manufacturers when a valid express warranty exists."); *Hall*, 2020 WL 1285636, at *10 ("Plaintiffs may not plead their unjust enrichment claim in the alternative because it is undisputed that GM's express limited warranty governs the subject matter of Plaintiffs' claims").

Here, Plaintiff pleads his truck came with an express warranty. *See, e.g.*, Comp., ¶ 69 (PageID.12-13); *see also*, *generally*, Case Decl., Exhibit B. Thus, the unjust enrichment claim in Count III fails and must be dismissed.

### 5. The Economic Loss Rule Bars Plaintiffs' (Insufficiently Pleaded) Negligence And Strict Liability Claims (Counts VI, VII).

Finally, Plaintiff asserts a claim for negligence in Count VI, and a claim for strict liability in Count VII, based on the notion that his vehicle had a "defect" because it was "easy to steal." *See* Comp., ¶¶ 109-39 (PageID.18-23). Not only are these claims subject to dismissal based on Plaintiff's lack of standing and failure to plead facts sufficient to plausibly allege a defect (*see* §§ III.B.1, C.1, *supra*), they are also barred by Michigan's economic loss doctrine.

Under that doctrine, "a plaintiff may not recover under a tort theory for a claim that sounds in contract." *Global Lift Corp. v. Hiwin Corp.*, No. 14-cv-12200, 2016

WL 5476238, *4 (E.D. Mich. Sept. 29, 2016).  Thus, "[i]f a purchaser suffers only economic losses at the hands of a seller, then the purchaser's only available remedy is in contract."  *Id.* (citing *Neibarger v. Universal Cooperatives, Inc.*, 486 N.W.2d 612, 615 (Mich. 1992)).  Economic losses include, *inter alia*, purported damages from "loss of use of property, costs of repair or replacement of property, costs of obtaining substitute domestic services, loss of employment, or other … monetary losses."  *Id.* (quoting Mich. Comp. Laws § 600.2945(c)).[12]

Plaintiff does not claim or seek damages for any personal injury, and just seeks recovery for purely economic losses.  *See, e.g.*, Comp., ¶ 117 (PageID.20) (negligence claim is based on "economic injuries"); *id.* at ¶ 132 (PageID.21) (strict liability claim also based on "economic injuries").  Thus, Counts VI and VII must also be dismissed under the economic loss doctrine.

## IV.    CONCLUSION

For the all these reasons, Defendant FCA US LLC respectfully requests that this Court dismiss Plaintiff's Class Action Complaint in its entirety.

---

[12]*See also*, *e.g.*, *Estate of Pilgrim v. Gen. Motors LLC*, 596 F. Supp. 3d 808, 828-29 (E.D. Mich. 2022) (dismissing negligence claim based on allegedly defective vehicle under Michigan and other states' laws); *Eaton Corp. v. Magnavox Co.*, 581 F. Supp. 1514, 1537-39 (E.D. Mich. 1984) (negligence and strict liability claims barred under economic loss doctrine).

Respectfully Submitted,

**THOMPSON COBURN LLP**                **KLEIN THOMAS LEE & FRESARD**

By:  */s/ Thomas L. Azar, Jr.*                Fred J. Fresard (P43694)
       Stephen A. D'Aunoy (MO/54961)       Ian K. Edwards (P82021)
       Thomas L. Azar, Jr. (MO/56634)       101 W. Big Beaver Rd., Ste 1400
       One US Bank Plaza                            Troy, Michigan 48084
       St. Louis, Missouri  63101                 T:  (602) 935-8300
       T:  (314) 552-6000                          fred.fresard@kleinthomaslaw.com
       sdaunoy@thompsoncoburn.com       ian.edwards@kleinthomaslaw.com
       tazar@thompsoncoburn.com

*Attorneys for Defendant FCA US LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 19, 2023, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

_/s/ Thomas L. Azar, Jr._