UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRETT WIATER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STELLANTIS, N.V. et al.,<br><br>Defendants. | Case No. 23-11408<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER GRANTING DEFENDANT FCA'S MOTION TO DISMISS (ECF NO. 10) AND SUA SPONTE DISMISSING DEFENDANT STELLANTIS**

Plaintiff Brett Wiater filed this putative class action against defendants Stellantis, N.V. ("Stellantis") and FCA US LLC ("FCA"), bringing federal and state law claims based on the allegation that defendants' model-year 2019-2023 Dodge vehicles (the "Class Vehicles") are defective because they lack functional anti-theft systems. ECF No. 1.

FCA moves to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1).[1] ECF No. 10. The motion is fully briefed, and the briefs

---

[1] FCA alternatively moves to dismiss for failure to plead plausible claims under Rule 12(b)(6). The Court need not address these Rule 12(b)(6)

are sufficient for a decision without oral argument. ECF Nos. 10, 13-14; *see* E.D. Mich. LR 7.1(f). For the reasons below, the Court grants FCA's motion and dismisses this action in its entirety.

I.  **Background**

Wiater alleges that FCA and Stellantis develop and manufacture the Class Vehicles, which they sell and distribute through authorized dealers. ECF No, 1, PageID.3. Wiater bought one of the Class Vehicles, a model-year 2022 Dodge truck, from an authorized dealer. *Id.*

According to Wiater, his vehicle was stolen in April 2023 "[b]ecause of the defects at issue in this case." ECF No. 1, PageID.3. His vehicle and all other Class Vehicles are allegedly defective because defendants manufactured and designed them without functional anti-theft systems. *Id.* at PageID.6. As his sole example, Wiater alleges that each Class Vehicle should but does not lock its steering and stop itself from moving whenever the vehicle's key is removed from the vehicle. *See id.* at PageID.5. According to Wiater, such steering- and mobility-lock systems and other allegedly missing functional anti-theft systems make the Class Vehicles easy to steal, unsafe, and worth less than they otherwise would be. *Id.*

---

arguments because FCA's Rule 12(b)(1) arguments raise jurisdictional issues, which are dispositive.

Defendants allegedly knew about the alleged defects but did not remedy or disclose them to customers. *Id.* at PageID.6.

As a result, Wiater sued FCA and Stellantis. ECF No. 1. Individually and variously on behalf of putative classes, Wiater brings claims against both defendants for violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.* (Count I); violation of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (Count II); unjust enrichment (Count III); breach of implied warranty (Count IV); breach of express warranty (Count V); negligence (Count VI); and strict liability based on design defect (Count VII). *Id.* Stellantis has not yet appeared in this action. FCA, however, has and moves to dismiss for lack of standing. ECF No. 10.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of subject matter jurisdiction. The Court lacks subject matter jurisdiction if the plaintiff lacks standing to bring suit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Thus, "challenges to standing are properly brought under . . . [Rule] 12(b)(1) for a lack of subject-matter jurisdiction." *Miller v. Collins*, 2023 WL 7303305, at *2 (6th Cir. Nov. 6, 2023) (citing *Tenn. Gen. Assembly v. U.S. Dep't of States*, 931 F.3d 499, 507 (6th Cir. 2019)). The nonmoving party—here, Wiater—has the burden of establishing jurisdiction

in order to survive a Rule 12(b)(1) motion. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

A Rule 12(b)(1) motion may mount a facial attack on the Court's subject matter jurisdiction by "merely question[ing] the sufficiency of the pleading." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In evaluating a facial attack, "the court must take the material allegations of the [pleading] as true," "construe[] [them] in the light most favorable to the nonmoving party," and decide whether the complaint alleges jurisdiction adequately. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *see also Ass'n of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 543 (6th Cir. 2021) (citation omitted) (stating facial attack on standing turns on whether the complaint adequately pleads standing even accepting allegations as true).

## III.  Analysis

Standing requires that the plaintiff (1) "suffered an injury in fact" that is (2) "fairly traceable to the defendant's conduct" and (3) "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan*, 504 U.S. at 560). As the party invoking federal jurisdiction, the plaintiff "has the burden of persuading the court that all of the requirements necessary to establish standing to bring the lawsuit

have been met." *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). To carry this burden, the plaintiff must plead each element of standing "with specificity." *Coyne ex rel. Ohio v. Am. Tobacco Co*, 183 F.3d 488, 494 (6th Cir. 1999). Accordingly, a plaintiff "cannot rely on general or conclusory allegations in support of its standing, but instead must assert a plausible claim for why it has standing." *Glennborough Homeowners Ass'n v. U.S. Postal Serv.*, 21 F.4th 410, 414 (6th Cir. 2021).

The parties dispute each element of standing—injury-in-fact, traceability, and redressability, but the second element, traceability, is dispositive. According to FCA, Wiater fails to show that his alleged injury is traceable to FCA because "all [Wiater] offers is a bare allegation his vehicle was stolen by some third-party criminal." ECF No. 10, PageID.64. Without relying on any allegations in the complaint, Wiater counters that his vehicle "was stolen due to the 'Keyless Enter 'n Go' system not functioning as Defendants clearly intended it to." . ECF No. 13, PageID.149.

To establish traceability, a plaintiff must show "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Buchholz v. Tanick*, 946 F.3d 855, 866 (6th Cir. 2020) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)).

Here, the complaint does not establish such a connection. According to the complaint, defendants manufactured and sold the Class Vehicles without functional anti-theft systems, which rendered them defective, and "[b]ecause of the defects at issue in this case, [Wiater's Class Vehicle] was stolen in April, [sic] 2023." ECF No. 1, PageID.3. The complaint provides no other details about the theft. It does not explain how or under what circumstances Wiater's vehicle was stolen. Nor does it show, as required to demonstrate traceability, how defendants' omission of any particular anti-theft systems in the Class Vehicles (the "complained-of conduct") caused or contributed to the theft of Wiater's Class Vehicle ("the plaintiff's [asserted] injury"). *Buchholz*, 946 F.3d at 866. Although the Class Vehicles allegedly lack steering- and mobility-lock systems designed to combat theft, the complaint does not allege how those missing systems contributed to the theft of Wiater's Class Vehicle.

Further, if the plaintiff's injury results from the independent action of some third party not before the Court, the injury is not fairly traceable to the defendant's conduct at issue. *Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 796 (6th Cir. 2009) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42 (1976)).

The complaint here shows only that Wiater's Class Vehicle was stolen by some unidentified third party not before the Court. Without more, the Court cannot fairly connect Wiater's asserted injury to either defendant. *See Wuliger*, 567 F.3d at 796. To conclude otherwise would require the Court to speculate improperly about the role the alleged defects had in the theft of Wiater's vehicle. *See Kardules v. City of Columbus*, 95 F.3d 1335, 1355 (6th Cir. 1996) (stating many factors influenced injury such that determining the influence of defendant's conduct on the injury required speculation "fatal" to standing). Because Wiater does not allege an injury fairly traceable to defendants' conduct, he fails to establish standing to bring this action. Accordingly, the Court grants FCA's motion to dismiss for lack of standing and dismisses FCA from the case.

Wiater's failure to establish standing requires the Court to dismiss the rest of the complaint: the claims against Stellantis and the putative class claims. First, as to the claims against Stellantis, Stellantis has not appeared in this action or joined in FCA's motion to dismiss, but the Court's analysis shows that Wiater has failed to establish standing to bring any claims based on the alleged defects in defendants' vehicles. As a result, the Court's conclusion that Wiater lacks standing to bring his claims applies equally to the claims against Stellantis. Because Wiater has failed to

establish standing to bring his claims against Stellantis, the Court must sua sponte dismiss those claims. *See Lujan*, 504 U.S. at 560 (stating that if plaintiff lacks standing, the court lacks subject matter jurisdiction); Fed. R. Civ. P. 12(h)(3) (stating if "it appears . . . the [C]ourt lacks subject matter jurisdiction," the court must sua sponte dismiss action).

Second, as to the putative class claims, "where a prospective plaintiff class representative [i]s found to have no meritorious claim himself, and no class ha[s] ever been certified, dismissal of the individual claim eliminate[s] any basis for adjudicating the class claims." *Clendening v. Stillman, P.C.*, 2021 WL 1313235 at *8 (E.D. Mich. Apr. 8, 2021) (citation omitted) (dismissing putative class claims because plaintiff lacked standing to bring individual claims). The Court's dismissal of Wiater's individual claims against both defendants eliminates any basis for the putative class claims. Accordingly, the Court must dismiss Wiater's entire class action complaint.

IV. Conclusion

For the reasons above, the Court **GRANTS** FCA's motion to dismiss (ECF No. 10) and **DISMISSES WITHOUT PREJUDICE** all claims.

Dated: September 27, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge